H. KEANE *v.* W. P. FISHER—ISAAC HART, Surety.

In a proceeding against the surety for the release of a fraudulent debtor from arrest, the measure of the surety's liability is the amount of the judgment pronounced against the debtor.

This judgment is conclusive upon the surety. He cannot go behind it to inquire into the reasons upon which it was based.

The reasons for judgment, strictly speaking, form no part of the judgment itself, although they may, with propriety, be consulted to explain an ambiguity.

APPEAL from the Fifth District Court of New Orleans, *Augustin,* J.

*Race & Foster,* for plaintiff and appellant. *T. J. Semmes* and *J. Ad. Rogier,* for *Hart,* surety.

SPOFFORD, J. At the suit of the present plaintiff, one *Fisher* was arrested for an alleged fraud, under the 10th Section of the Act of March, 28th, 1840, entitled "An Act to abolish imprisonment for debt."

The fraud charged against *Fisher* was that he had purchased of the plaintiff, for cash, 45 hogsheads of sugar, amounting to $1868 13-100, and obtained a delivery thereof, and then disposed of the same without paying the vendor, so that the latter could not make his money.

The defendant in the present rule became *Fisher's* security, and he was released from arrest. The condition of the bond, pursuant to the act of 1840, was "that if the fraud complained of shall be established, the said *Isaac Hart,* security, shall be liable for the debt of the complaining creditor, in case the debtor, *W. P. Fisher,* shall have departed from the State without the leave of the court."

The original case was tried by a jury, who found a verdict sgainst the defendant, *Fisher,* for $1868 13-100, with interest from the 11th Feb., 1850, and costs; and also found him guilty of fraud.

Judgment was rendered for the amount awarded by the verdict, and the defendant was also sentenced to three months' imprisonment.

He appealed to this court and the judgment was, in all respects, affirmed.

The condition of the bond having been broken by *Fisher's* departure from the State, without leave of the court, the plaintiff took a rule upon the surety, *Hart,* to show cause why he should not be condemned to pay the amount of the judgment against *Fisher.*

Upon a hearing, the District Judge rendered a decree against *Hart* only for the sum of $729 87-100, and the plaintiff has appealed, and now contends that the surety is liable for the full penalty of his bond, viz: $2000, that being less than the present amount of his judgment against *Fisher.*

The judge below predicated his decree upon a distinction which appears to have been made by this court, in giving their reasons for affirming the judgment in the former case of *Keane* v. *Fisher.*

It was said, in the opinion pronounced in that case, that the plaintiff seemed to have waived his right under the statute of 1840, so far as 27 hogsheads of the purchase were concerned, by assenting to their shipment; but as to the 18 remaining hogsheads, there was nothing to take the case out of the Statute. See 9 Annual, p. 70.

But no change was made in the judgment of the District Court. That judgment liquidated the debt of the complaining creditor at the full amount claimed, and stamped the debtor's conduct with the irrevocable stigma of fraud.

That judgment is free from ambiguity, and is conclusive upon the surety. He cannot go behind it to inquire into the reasons upon which it was founded. The reasons for judgment, strictly speaking, form no part of the judgment itself, although they may properly be consulted to explain an ambiguity.  1 Marcadé, No. 38, p. 35.

Looking to the decree as it stands of record, the fraud complained of has been judicially established, and the surety is liable for the debt of the complaining creditor as fixed by the judgment.

It is therefore ordered, that the judgment of the District Court be reversed; and it is ordered, adjudged and decreed, that the plaintiff recover of the defendant, *Isaac Hart*, as security of *Wm. P. Fisher*, the sum of two thousand dollars, with legal interest from the date of this decree; and the costs of the rule on the surety in both courts.

————

Defendant's counsel, for a re-hearing, contended:

The decision rendering the surety liable for the whole amount of the complaining creditor's claim, though the fraud was established only as to a part of it, viz: 18 hogsheads sugar, of the value of $729 87-100, is based on the idea, that the judgment against the defendant is *res judicata* as to the surety, and that the surety therefore is precluded from making any inquiry as to the reasons on which the judgment was founded.

It is apprehended by the surety that he is not to be *conclusively* bound by verdicts or judgments rendered in suits to which he was not a party.

The surety on a sequestration bond is not thus bound. In *Clarke* v. *Scott*, 2 A. 907, the late Supreme Court said : "In determining on the claims of the plaintiff, it is impossible for us to see nothing else but the *text of the decree of the Supreme Court itself*; we must *examine and consider the reasons on which it was founded*, and which the court felt itself bound to give as exponents of their opinion under the evidence of the rights of the parties."

A judgment against a principal on an administrator's bond is not *conclusive* as to the surety. *Canal Co.* v. *Brown*, 4 An. p. 545.

A judgment against the principal on a receiver's bond is not *conclusive as to the surety*. *Whitehead* v. *Woolfolk*, 3 An. 43.

A judgment against a sheriff is not *conclusive* as to the surety on his bond. *Mullen* v. *Scott*, 9 An. p. 174.

Wherefore should the surety in this case be conclusively bound by the judgment against the principal?

In what respect does his case differ from that of a receiver's or a sheriff's surety, or the surety on a sequestration bond, or the surety on an administration bond?

Suppose the defendant in the original action should have confessed judgment?—would the surety be conclusively debarred from showing error or mistake?

The Court now say, that the judgment against the principal is *res judicata* as to the surety; and thus deprive the latter of the right of correcting, as to himself, any error existing in the judgment against the former; and yet, where the judgment of the inferior court against the principal was unconditionally affirmed, the principal applied for a re-hearing, for the purpose of having the judgment so rendered as to conform to the opinion of the court, with the view of relieving the surety, the Supreme Court, nevertheless, refused the re-hearing, though the injustice to the surety was pointed out in the printed argument filed for a re-hearing, at p. 10, 11.

So that it seems the Supreme Court refused to correct the error, though pointed out—an error established by its own judgment; and now the surety is informed it is too late for him to remedy the evil.

This is certainly a hard case upon an innocent surety, who, perhaps, being informed of the facts of the case, believed he was assuming a responsibility— *only to the extent of the fraud.*

Re-hearing refused.