No. 13,671.

ROBERT E. RIVERS vs. OAK LAWN SUGAR COMPANY, LIMITED.

### SYLLABUS.

1. The case involves construction of former judgment of this court, and it is held that an erroneous interpretation was placed upon the same by the lower court.
2. It is, after all, the decretal part of the deliverance of the court which must govern.
3. But, anyhow, the case is held to be with the plaintiff on the facts relating to the merits.

APPEAL from the Civil District Court, Parish of Orleans—*Theard, J.*

---

*Clegg & Quintero* for Plaintiff, Appellant.

---

*Saunders & Gurley* for Defendant, Appellee.

The opinion of the court was delivered by

BLANCHARD, J. This case is before the court for the second time, or, rather, the present suit is the sequel of the former one.

The first report of it will be found in 52 La. Ann. 762.

What was at issue there was (1) whether Rivers (the plaintiff) was entitled, as against Thompson (to whom he had sold his holdings of stock in the Oak Lawn Sugar Company, Limited, amounting to 280 shares) to a judgment awarding him the profits or earnings of the company for the year 1897; (2) whether Rivers was entitled, as against the Oak Lawn Sugar Company, to a judgment for the dividends, or profits or earnings, on account of the sugar crop of 1897, which pertained to the stock he had held, but which had been sold to Thompson.

Rivers claimed that while he had sold his shares of stock to Thompson, this sale was not effected until April 1898, and that in making the sale he had reserved to himself the profits or earnings or dividends that belonged to the stock as the result of the sugar crop of 1897.

This contention was stoutly resisted by Thompson, who denied there had been any reservation as asserted by his vendor.

Rivers claimed that the Oak Lawn Company had made a profit of $24,024.00 as the result of the crop raised in 1897, one-fourth of which, or $6,006.00, was due him as holder of one-fourth of the capital stock, or 280 shares.

This contention was combatted by the company, who denied that any dividend for the crop year 1897 had been declared, or would be declared, and denied the plaintiff's right to compel it to declare a dividend.

That suit was filed in November 1898. The prayer of its petition was for a judgment in Rivers' favor decreeing him to be the owner of his due proportion of the profits and gains made and earned by the defendant company during the year 1897, and that the company be condemned and ordered to apportion and pay the profits and gains of that year to the respective shareholders in due proportion, and to pay to him (Rivers) the sum of $6,006.00, with legal interest from judicial demand.

This court found, as between Rivers and Thompson, that there had been a reservation to the former of the right to claim and have the earnings or profits due on the stock as for the year 1897.

And it found, as between Rivers and the company, that the net earnings for the crop year 1897 amounted to $24,024.90, and that a dividend covering that sum had been declared. This was the positive, direct testimony of the company's treasurer, J. M. Burguieres, given in the case,

and he testified in the presence of the president of the company. There was no contradiction, or attempt at contradiction, of his statement.

On these findings, this judgment was rendered:—

"It is, therefore, ordered and decreed that the judgment of the lower court be annulled, avoided and reversed, and it is now ordered and decreed that the plaintiff, R. E. Rivers, do have and recover of the Oak Lawn Sugar Company, Limited, the sum of one-fourth of the declared profits earned, amounting to the sum of six thousand and six dollars ($6,006)), with five *per cent.* interest from judicial demand; and that the demands of the defendant, M. Frank Thompson, be rejected."

Applications for rehearing were filed on behalf of both defendants.

That by M. Frank Thompson was limited to asking a reconsideration of the questions of law arising on his branch of the case, the contention being that there was error to his prejudice in the conclusions reached.

That by the Sugar Company went further and alleged errors of both fact and law in this, to-wit:—

"1st. That there is no evidence, oral or documentary, in the record on which any judgment can be based against your petitioner; and particularly none to support the judgment in favor of the plaintiff for six thousand and six dollars.

2nd. The decree giving five per cent. interest from judicial demand is erroneous, because dividends bear no interest, and the corporation was a mere stakeholder. Such interest could run, in any event, only from the date when the dividend was declared, and there is no evidence of any fixed date of such declaration."

In connection with this application, affidavits were filed, the purport of which was to negative the testimony which Burguieres, the treasurer of the company, had given, to the effect that a dividend, based upon profits arising from the crop of 1897, had been declared, and it was insisted that while there was evidence to show that Rivers was the owner of 280 shares of the stock of the company, there was none to show what the total number of shares outstanding was, and, in this connection, to show that Rivers' holdings equaled *one-fourth* of the total number of shares. One of the affidavits stated the capital stock of the company to be $140,000.00, divided into fourteen hundred shares of one hundred dollars each.

If this was correct, then the judgment of the court was erroneous in decreeing Rivers entitled to recover *one-fourth* of the dividend which the testimony showed had been declared. It should have been *one-*

*fifth* of $24,024.90, or $4,804.98, instead of $6,006.00 as fixed by the judgment.

On the showing thus made, the court, passing upon the applications for rehearing, said, in substance, that it found no occasion to change the conclusions reached on the law as announced in the original opinion, but that evidently there was error "as to the *actual* interest of Rivers in the company, which is represented by his shares of stock therein," and that for the purpose of having that question of fact properly determined the case should be remanded "with instructions to the District Court to examine and determine that question, without, however, disturbing our judgment and decree in any other respect."

Accordingly, this decree was entered up:—

"It is, therefore, ordered and decreed that in so far as the application for rehearing relates to the merits of the case, same is hereby refused. And it is further ordered and decreed that, in so far as the question of fact with regard to the interest of the plaintiff in the Sugar Company is concerned, our decree be vacated, and the case be remanded in that respect to the District Court, with instructions to examine and determine that question—without, however, interfering with the judgment and decree of this court in any other respect."

With respect to defendant Thompson, all parties agree that this was an overruling entirely of his application for rehearing.

With respect to the other defendant, the Sugar Company, widely divergent views are entertained by the plaintiff, Rivers, and the company as to the scope of the judgment of the court, and out of this disagreement has arisen this second appeal.

The case having gone back to the District Court, Rivers took a rule upon the Sugar Company to show cause why his interest in the earnings and dividends for 1897 should not be fixed at one-fifth interest therein, alleging that to be his true interest, and why judgment should not be entered up in his favor for $4,804.98.

His contention is that to ascertain and determine what his interest is —whether one-fourth or one-fifth—was the sole purpose of the remand, all other questions arising in the cause having been settled in his favor.

The Sugar Company, answering the rule, set up its contention, which is that the purpose of the remanding was to ascertain whether any dividend at all had been declared by the company for 1897, and it denied that any sum had become due as dividend out of the profits of the company for 1897, or that any dividend had ever been declared.

It insisted on opening the door to this inquiry. This was resisted on behalf of Rivers, who sought to hold the inquiry down to the ascertainment of the amount of his interest in dividends or earnings already adjudged to have been declared.

It will be, thus, seen that this controversy involves the construction of the judgment rendered by this court on the first appeal.

The judge *a quo* adopted the view entertained by the company, admitted evidence in support thereof over the objection of the palintiff, and reached the conclusion, on the showing made, that the latter was entitled to take nothing. Accordingly, he discharged the rule.

The plaintiff appeals.

*Ruling*—The contention of the Sugar Company is based mainly upon these words found in the opinion of the late Justice Watkins as the organ of the court on the application for rehearing on the first appeal, to-wit:—

"But counsel for the Sugar Company have attracted our attention to the fact, that an examination of its books, since our opinion was handed down, has disclosed a manifest error in the statement of its Treasurer as to the *actual* interest of the plaintiff in the Company, which is represented by his shares of stock therein."

It is urged that this plainly shows the remand was allowed because of an error disclosed by the affidavits and contained in the treasurer's statement, and that as neither of these documents "say one word about any error as to *the amount or proportion of stock owned* by Colonel Rivers," to establish what such proportion was could not have been the purpose of sending the case back.

But counsel is mistaken. The company's application for rehearing distinctly makes the point that there was no evidence "to support the judgment in favor of the plaintiff for six thousand and six dollars," the affidavit of the president of the company gives the total number of shares of the company at fourteen hundred, thus showing that the 280 shares held by Rivers was *one-fifth* of the whole and not *one-fourth* as the judgment erroneously decreed, and the brief of counsel in support of his application distinctly points out this error and asks its correction.

The organ of the court was mistaken in saying the error as to the *actual* interest of Rivers in the company was disclosed by the statement of the treasurer. He was correct, though, in saying it was disclosed by the affidavits filed.

But, after all, it is the decreetal part of the deliverance of the court which must govern, and when we analyze that we find (1) that as far as *the merits* of the case are concerned, the application for rehearing was flatly refused; (2) that as to the question of fact raised with regard to Rivers' interest in the Sugar Company, the former decree was vacated; and (3) that for the ascertainment of the truth as to the extent of his interest, and that alone, was the case remanded. The "interest" of Rivers referred to the extent of his holding in the company, not to whether or not a dividend for the crop year 1897 had been declared. There had been no evidence adduced as to what that interest was, no admission of record was to be found showing it, and the judgment of the court merely followed the declaration of the petition that it was one-fourth. The affidavit filed with the application for rehearing showed this to be error, but the court could not act merely on the statement of this affidavit and reduce the judgment from $6,006.00 to $4,804.98, and, hence, it became necessary to vacate that part of the decree and remand for the litigants to establish contradictorily with one another the extent of Rivers' interest in the company's stock.

We are constrained to hold that our learned brother of the District Court has not interpreted aright the judgment of the court, and that the enquiry committed to his hands should have been confined to ascertaining whether the actual interest of the plaintiff was one-fourth or one-fifth of the outstanding stock of the company.

And since, in the later proceedings taken, counsel for plaintiff admitted of record that interest to be one-fifth, the case should have stopped there and judgment entered up for plaintiff in the sum of $4,804.98.

But if we follow the lower judge into the enquiry he opened up, the case is equally with the plaintiff. Undoubtedly, as the result of the sugar crop of 1897, there was a net profit or earnings of $24,024.90. In January 1898, the Board of Directors of the Company had directed a dividend to be paid out of the profits of the crop year just passed, but since sugars, called "seconds" and "thirds," were still on hand unsold the percentage of this dividend could not then be fixed, and, accordingly, the resolution directed the matter of the amount of the dividend to be suspended until the sugars were sold.

Subsequently they were sold and then the profit of the crop was figured to be the sum named above. This had been done before the case was originally tried on its merits in the District Court, and, thus, Mr. Burguieres, the company's treasurer, could rightly testify, as he did,

that a dividend had been declared and give the amount thereof, to be divided among the shareholders, at $24,024.90.

But, it seems, instead of paying the same out to the shareholders this sum, called by the company's counsel "operating profits," was used in meeting expenses of the plantation in 1898, and then when the business and cropping operations of 1898 were wound up a dividend of 47 per cent. on the stock was declared, of which 30 per cent. was paid in cash to the shareholders; the payment of the remaining 17 per cent. being deferred.

With reference to this 47 per cent. dividend the affidavit of the president of the company, filed with the application for rehearing, recites that the same "was declared out of the profits of said company since its organization without reference to the result of the crop of any one year."

So that the profits of the year 1897 entered into its make up. True, those profits had been expended in operating expenses in 1898, but they were a credit as against the crop of that year, and when in February 1899 the big dividend of 47 per cent. was declared, Rivers, held entitled to a share of the profits or earnings of the company for 1897, was entitled in equity to an accounting and to have paid over to him what would be due on his holdings of stock figured on the basis of the profit realized on the crop of 1897.

For those reasons, it is ordered and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now adjudged and decreed that the plaintiff do have and recover of the Oak Lawn Sugar Company, Limited, the sum of four thousand, eight hundred and four and 98-100 dollars, with 5 per cent. interest thereon from February 27, 1899—the date when the dividend of 47 per cent. on the stock of the said company was declared—costs of both courts to be taxed against the company.

Monroe, J., dissents.

Provosty, J., takes no part.

Rehearing refused.