On Rehearing.
(Nov. 16, 1903.)
Statement of the Case.
MONROE, J.
The plaintiffs herein seized by attachment the interest of the defendant in the suit of Robert B. Rivers v. The Oak Lawn Sugar Co., Limited, then pending in ■the civil district court, and subsequently obtained judgment maintaining the attachment and recognizing the lien and privilege resulting therefrom. The suit referred to was, in the meanwhile, prosecuted by the attorneys originally employed, and, although it appears that one William C. Relyea, claiming to be the trustee in bankruptcy of Rivers, had intervened therein, and that an appeal from the judgment rendered by the district court was granted upon the application of Rivers and said Relyea, a final judgment was subsequently rendered by this court in favor of Rivers alone, and against the sugar company for an amount aggregating, with interest and costs, $5,375.68. Rivers v. Sugar Co., 105 La. 783, 30 South. 160. The plaintiffs herein thereupon caused a writ of execution to issue, reading in part as follows (omitting the caption):
“To the Sheriff of the Parish of Orleans, Greeting: We command you that by seizure and sale of the property, real and personal, rights and credits of defendant, Robert E. Rivers, in the manner prescribed by law, you cause to be made the sum of thirty two hundred and ninety nine 33/i0o dollars, with legal interest thereon from February 13th, 1900, until paid and costs, subject to a credit of $202.50; maintaining the attachment herein issued and recognizing plaintiff’s lien and privilege on the property attached, or the proceeds thereof. * * *”
Under this writ, as under the writ of attachment, notices of seizure were served on the Oak Lawn Sugar Company; on the counsel by whom the judgment against that company had been obtained, and who had also represented Rivers in the attachment suit; on the curator ad hoc, who had been appointed to represent Rivers for the purposes of said attachment; and on the clerk of the court by which the judgment seized was to be executed. The plaintiffs also filed' a supplemental petition, praying that interrogatories, which they annexed, be served on the Oak Lawn Sugar Company, but, in view of the fact that the liability of that company to Rivers had been fixed by the judgment of this court and of the additional fact that said company had paid the full amount of said judgment into the hands of the counsel by whom it had been obtained, subject to the judgment of the court as to the conflicting claims thereto, the service of the interrogatories was unnecessary, and plaintiffs proceeded by rule to require the parties interested to show cause why they should not be paid from said funds the amount of their claim.
To this rule Rivers answered that on June 14, 1900, he had been adjudged a bankrupt, and that William C. Relyea, who had been appointed trustee of his estate, had become the owner of the claim from which the funds in question had been realized, subject to the privilege of his attorneys, and had prosecuted the same to final judgment. The counsel who hold the funds, answering for themselves, set up a claim for professional services and for costs and charges amounting to $2,726.24, and, answering for William O. Relyea, calling himself trustee, (who had not, however, been made a defendant in the rule), alleged that the balance of the funds in question, amounting to $2,649.44, should be turned over to him.
Upon the trial of the rule the plaintiffs conceded the claim of the defendant counsel for attorney’s fees and charges in the obtention of the judgment against the Oak Lawn Sugar Company, and insisted only upon their right to recover the balance of $2,649.44, and, opposing the recognition of such right, the defendants in rule offered certain documents purporting to be copies of orders and proceedings in the District Court of the United States for the Southern District of New York showing that upon June 14, 1900, Rivers had been adjudicated a bankrupt, and Relyea appointed trustee of his estate. Thereupon counsel for plaintiffs in rule objected on the ground that the documents offered were not certified as required by the act of Congress, and were therefore inadmissible in evidence, the fact being that the alleged copy of the order or judgment of ad *1088 judication in bankruptcy purports to be signed by the clerk of the court, but that neither his signature nor his official capacity are certified to by the judge, and that the other documents purport to be signed by “Macgrane Coxe, Referee,” and other persons, whose signatures and capacities are certified to by no one. The objection thus interposed was overruled, but the judge a quo eventually gave judgment for the plaintiffs in rule for the balance of $2,649.44, which has been heretofore mentioned, and from the judgment so rendered, “William O. Relyea, trustee in bankruptcy of Robert E. Rivers,” has appealed.
Opinion.
The objection to the introduction in evidence of the documents referred to in the foregoing statement should have been sustained. Rev. St. U. S. § 905 [U. S. Comp. St. 1901, p. 677]; Bankr. Act July 1, 1898, c. 541, § 21, subd. e, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3430]; United States v. Bank of United States, 11 Rob. 418; Heard v. Patton, 27 La. Ann. 542. Disregarding those documents as improperly admitted, there is nothing in the record to show at what time, if at all, the defendant, Rivers, was adjudicated a bankrupt, and the appellant Relyea, appearing as the trustee of his estate, has no standing in court to question the validity of the attachment sued out by the plaintiffs, or of the judgment maintaining the same and recognizing the lien and privilege resulting therefrom.
It is therefore ordered, adjudged, and decreed that the judgment heretofore rendered in this case be now reinstated and made the final judgment of this court.
PROYOSTY, J., dissents.