The judgment appealed from is affirmed at appellants' cost.

---

**(86 South. 821)**

**No. 23926.**

**SCOTT v. DOUNSON et al.**

(Nov. 29, 1920. Rehearing Denied Jan. 7, 1921.)

*(Syllabus by Editorial Staff.)*

**1. Appeal and error &#8734;1011(1)—Trial judge's conclusion on conflicting testimony accepted.**

Where the evidence was conflicting, the solution of the question depending entirely on the veracity of witnesses, the trial judge's conclusion will be accepted.

**2. Municipal corporations &#8734;706(5)—In action for injuries from being struck by automobile, chauffeur held not negligent.**

In an action against the owner and driver of an automobile for injury from collision on a city street, evidence *held* not to show negligence on the part of defendant's chauffeur.

**3. Municipal corporations &#8734;705(10) — Plaintiff, injured by being struck by automobile, held contributorily negligent.**

Where plaintiff, suing for injuries from being struck by an automobile, was sitting in a chair in the edge of the street with his feet on the curb, and did not move out of the roadway when he saw the automobile approaching, he was guilty of contributory negligence.

Monroe, C. J., dissenting in part.

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Action by Louis Scott against Miss Joy Dounson and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Prowell & Prowell and John R. Upton, all of New Orleans, for appellant.

L. P. Bryant, Jr., of New Orleans, for appellee Dounson.

Oscar Schreiber, of New Orleans, for appellees Patterson, Shramm, and Navailles.

O'NIELL, J. Plaintiff appeals from a judgment rejecting his demand for damages for personal injuries. He was struck by an automobile driven by one of the defendants, Louis Navailles. Miss Joy Dounson was made defendant because of the fact that she owned the car and had employed another of the defendants, J. J. Shramm, to repair it, at the time of the accident. Shramm had requested Navailles to drive the car, while he remained on the front seat listening to, and trying to locate, a knock in the engine. The fourth defendant, Charles F. Patterson, was riding in the car at the time of the accident, having been invited by Navailles or Shramm.

As the defect in the engine had nothing to do with the accident, it cannot be and is not seriously contended that Miss Dounson, who was not present at the time of the accident, should be held liable merely because she owned the automobile. Charles F. Patterson,

who occupied the rear seat and had nothing to do with operating the car, is also free from blame.

[1-3] Plaintiff and a woman with whom he was conversing were seated in chairs at the outer edge of the sidewalk, in front of her home, when the automobile approached. Their backs were toward the street. They and another witness testified that their chairs were on the edge of the sidewalk; but other witnesses testified, and the district judge concluded from the evidence, that the chairs were in the street, and that plaintiff and his companion were resting their feet upon the curbing, enjoying the shade of a chinaberry tree. Whether plaintiff's chair was on the sidewalk or in the roadway is recognized by counsel on both sides as the important question in the case. A solution of the question depends entirely upon the veracity of the witnesses, as to which we are not in as favorable a position as was the trial judge to pass judgment. We accept his conclusion that plaintiff's chair was not on the sidewalk but in the street. The street was unpaved and very rough. The automobile was a light Ford car, not easy to manage on a very rough road. One of the front wheels went into a rut and caused the car to plunge toward the sidewalk and strike the chair on which plaintiff was seated. He was not run over, and we doubt that he was hurt very seriously. The automobile was going slowly, only six or eight miles an hour. The driver had had experience as a chauffeur, and it does not appear that he was guilty of any negligence. It was negligence on plaintiff's part not to move out of the roadway when he saw the automobile approaching.

The judgment is affirmed at appellant's cost.

MONROE, C. J., dissents as to the two defendants who were operating the car.