DAWKINS, J.
This suit originated as an action to annul on the grounds of fraud and collusion, a former judgment of divorce between plaintiff and defendant, and to have restored to the community certain real property alleged to have been donated by defendant to another. In the alternative, plaintiff prayed for judgment in the sum of $5,000, as' the alleged value of her half of the com *729 munity property, and for the further sum of $1,400, for paraphernal funds claimed to have been received and used by defendant.
Defendant answered, denying all of the material allegations of the petition, and averring that his codefendant, to whom the property referred to in the petition was donated had leeonveyed it to defendant for the purpose of affording plaintiff the opportunity of showing what interest, if any, she had therein. He prayed that plaintiff’s demands be rejected at her cost.
The other defendant, being the lady whom defendant J. Lester Watkins married after the divorce from plaintiff, made similar answer.
At the opening of the trial, the following was dictated to the stenographer and written into the note of evidence, as representing the issues which the parties wished to submit to the court, to wit:
“We have agreed to try this case as a liquidation of the former community existing between Dr. J. L. Watkins and his wife, the sole object of Mrs. Watkins being to secure a fair and just settlement; it being her contention that she has not been fairly dealt with. There being no intention upon her part, of her or her attorney, to reflect upon the character of any party before the court, no intention to reflect upon the character of or professional actions of Mr. Moise.
“By Mr. H. E. Ellis, Attorney for Defendant: We are very glad indeed to hear Mr. Garland’s statement of the purpose of the litigation as it has been much misunderstood, and as the court knows the conveyance referred to in the original pleadings from Dr. Watkins to his present wife was fully explained as shown in the papers.
“Dr. Watkins’ desire has always been to see to it that his former wife had a full and fair settlement of the community, and he well believes that this was done. It is very probable in our opinion that the plaintiff would not be heard in this case to attack the settlement unless she repaid the amounts received by her, but we waive all of that, for Dr. Watkins desires a full investigation of his financial status, and desires that a fair and just settlement should be made, believing, as said above, that a ' most just and liberal settlement has been made and welcoming an investigation of that settlement.”
The lower court on December 10, 1917, handed down and signed an opinion or “reasons for judgment,” in which it was found that “the assets of community are in excess of the debts, and plaintiff has not received one cent from the community,” and that there should be judgment in favor of plaintiff for a balance of $360 on her paraphernal claims. It was further held that the settlement between the parties following the divorce should be annulled and the property therein conveyed to defendant decreed to belong to the community, that said property should be sold, and after the payment of community debts the balance divided between the parties. On December 14, 1917, a formal judgment was signed in which there was judgment, first, in favor of plaintiff for $1,400, with legal interest from August 12, 1904, as for paraphernal funds received by defendant on that date; second, recognizing her as the owner of one-half of the property belonging to the community, subject .to the payment and settlement of community debts “left open for future examination and determination”; third, crediting the sum of $1,640, cash and proceeds of certain bank stock received and sold by plaintiff upon her paraphernal claim; fourth, ordering a partition by licitation of the property belonging to the community, and referring the parties to a notary to effect said partition. It was further decreed that:
“All other issues between the parties to abide the issue of the final partition.”
Defendánt lias appealed.
Opinion.
[1] The “reasons for judgment” and the judgment itself are somewhat different, but the decree is controlling, and it is the correctness of the latter that we are called upon to determine. Keane v. Fisher, 10 La. Ann. *731 261; Davis v. Wilcoxon, 10 La. Ann. 640; West Feliciana R. Co. v. Thornton, 12 La. Ann. 736, 68 Am. Dec. 778; Morgan’s L. & T. R. Co. v. Moore Planting Co., 130 La. 78, 57 South. 635.
The issue presented to the lower court by the pleadings, and as restricted by the agreement of counsel quoted above, was as to the fairness and validity of the settlement made between plaintiff and defendant following their divorce; the former thereby waiving the charges of fraud in the obtention of and the demand for annulment of that judgment, and the latter waiving any objection for want of tender, etc., in the attack upon the settlement, and each submitting their proof to the court for the purpose of determining the fairness and justness of said settlement. The prayer of plaintiff’s petition (eliminating the demand for the annulment of the divorce) merely asked that the settlement be set aside as fraudulent, and made through error and under duress, and in the alternative for a judgment for the value of her half of the community property.
[2] Without discussing in detail the large volume of conflicting evidence as to the value of the community property, we think it sufficient to say that the plaintiff’s one-half of the net value thereof at the time of the settlement was greatly in excess of what she was paid therefor by the defendant, that she was almost totally ignorant of the condition of their affairs, and that she gave her consent thereto through error of such consequence as to render the settlement nonbinding on her. C. C. 1819, 1820, 1825, and 1832.
The lower court has not passed upon the claims and counterclaims of plaintiff and defendant (except as to the paraphernal claim of plaintiff for money loaned to' defendant), having, as we have done, considered the proof offered for the purpose of determining the validity of the settlement between the parties, and on a trial of those claims in which the rights of the parties are to be finally adjudicated further and more complete evidence may be introduced. We are of the opinion, therefore, that this cause should be remanded to permit an adjudication and liquidation of the rights, claims, and indebtedness- of the community, as well as the claims against and debts due by each party to the community, and as between themselves, including all claims for rents, revenues, etc., since the decree of divorce, with right to amend the pleadings if necessary in those respects; and when this is done the right to demand a partition, subject to the payment of community debts, should be reserved.
For the reasons assigned, the judgment appealed from is annulled and set aside, and it is ordered, adjudged, and decreed that there be judgment in favor of plaintiff, annulling and setting aside' the act of October 26, 1916, passed before L. C. Moise, notary public, recorded in Book 68, page 355 of the records of St. Tammany parish, and ^ decreeing the property therein described and conveyed to belong to the community formerly existing between plaintiff and defendant. It is further ordered that this case be, and is hereby, remanded to the lower court, to be proceeded with in accordance with the views herein expressed, and reserving to each side the right to provoke a partition in appropriate proceedings, subject to the payment of community debts, plaintiff to pay the costs of this appeal and defendant those of the lower court accrued to this date, all other costs to await final judgment.