No. ——

First Circuit

---

FALTERMAN v. PRESTENBACH

---

(June 7, 1927. Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Judgment—Par. 13. A judgment must be certain. Therefore, where a judgment for money fails to state the amount for which the judgment is given the case will be remanded to enable the trial judge to enter the precise amount in his decree.

Appeal from the Parish of St. Mary. Hon. James D. Simon, Judge.

Action by Joseph Falterman against Sidney Prestenbach.

There was judgment for plaintiff and defendant appealed.

Case remanded for trial judge to enter certain and precise language in the decree.

C. A. Blanchard, of Morgan City, attorney for plaintiff, appellee.

Walter T. Gilmore, of Morgan City, attorney for defendant, appellant.

LECHE, J. The decree or judgment which has been appealed to this court reads as follows:

"For the above reasons it is therefore ordered, adjudged and decreed that there be judgment in favor of plaintiff and against defendant as prayed for. All costs to be paid by defendant."

The demand in suit is for a moneyed judgment. The amount prayed for is of course set forth in plaintiff's petition, and the question raised by defendant on this appeal is whether the judgment on its face is not invalid for being vague and uncertain.

There are certain elementary rules with regard to the form of judgments which are now well recognized in our jurisprudence. A judgment must be certain and as appropriately said in the case of Kean vs. Fisher, 10 La. Ann. 261, "reasons for judgment, strictly speaking, form no part of the judgment itself, although they may with propriety, be consulted to explain an ambiguity." It has often

been held that reasons for judgment form no part of the judgment. Davidson vs. Carroll, 23 La. Ann. 108; Chaffe & Bro. vs. Morgan, 30 La. Ann. 1307; Rivers vs. Oaklawn Sugar Company, 105 La. 783, 30 South. 160; Edenborn vs. Blacksher, 148 La. 307, 86 South. 817; Watkins vs. Watkins, 148 La. 730, 87 South. 726.

Although reasons for judgment may be consulted to explain an ambiguity, it must be observed that in this case there is more than ambiguity. The decree is silent as to the amount which plaintiff is entitled to recover.

The decree alone indicates the decision. Fuselier vs. Babineau, 14 La. Ann. 764. A judgment must be certain and precise. Russo vs. Fidelity & Deposit Co., 129 La. 555, 56 South. 506; Fontelieu vs. Fontelieu, 116 La. 881, 41 South 120. In the latter case, the court quotes with approval, the following words from Black on Judgments, Vol. 1, paragraph 3: "But we may say in general that if a judgment purports to be final and is given upon a money demand, the amount of the recovery must be stated in it, with certainty and precision."

At common law, the rule is stated in 15 R. C. L. at page 593, to be that, "every judgment must be certain and definite as to its amount."

The only decision we have found in our jurisprudence which seems not to be in accord with the latter jurisprudence was rendered in 1816, before the adoption of the present Civil Code and Code of Practice. See Decker vs. Bradford, 4 M. 312. In that case the amount claimed was not disputed, but special facts were set up in avoidance, and the court held that a decree to the effect that "plaintiff must recover the sum due" was sufficient.

We believe that the decree in the present case is fatally defective and for that reason, that there is really no judgment in the case.

It is therefore ordered that this case be remanded so as to enable the trial judge to enter, in certain and precise language, such decree as may be warranted in his judicial discretion, costs of this appeal to be paid by plaintiff and appellee, and all other costs to await final determination of the suit.