CONVERSE, KENNETT & CO. v. E. HILL & CO.—W. H. LETCHFORD &
Co. et als., Intervenors.

The privilege granted to the vendor by the Article 3194 C. P. is not conditional, or dependent upon
the solvency or insolvency of the buyer; it is positive, without condition or limitation, as long as
the property sold remains in the possession of the purchaser.

It is not necessary that the defendant in execution should be made a party to a third opposition claim-
ing the proceeds of a sale made under a *fi. fa.*

APPEAL from the Fourth District Court of New Orleans, *Price*, J.
*Hunton & Miller*, for plaintiffs and appellants.   *P. E. Bonford, Semmes &
Labatt*, and *Emerson & Huntington*, for intervenors.    *G. P. McPheeters*, for de-
fendants.

LAND, J.   The plaintiffs, judgment creditors of defendant, caused certain mer-
chandise to be seized and sold by the Sheriff, under a writ of *fieri facias* issued
on their judgment.

*Letchford & Co., Haggerty & Co.* and *Gould & Co.* filed third oppositions and
claimed the proceeds of sale in the hands of the Sheriff, on the grounds, that they
were the unpaid vendors of the merchandise sold, and had a privilege on the pro-
ceeds superior to that of plaintiffs.

The facts are not disputed, that the third opponents are the vendors of the
goods, and that the price is unpaid.   The plaintiffs oppose their claims in argu-
ment, on three grounds : 1st, because they have no privilege ; 2dly, because the
goods were sold *on a credit* and 3dly, because the defendant *is solvent*.

Article 3194 of the Code provides that " he who has sold to another any
movable property, which is not paid for, has a preference on the price of the
property over the other creditors of the purchaser, whether the sale was made on
a credit or without, if the property still remains in the possession of the pur-
chaser.

So that, although the vendor may have taken a note, bond, or other acknowl-
edgement from the buyer, he still enjoys the privilege."

The privilege granted by this Article of the Civil Code is not conditional,
depending on the uncertain fact of the solvency or insolvency of the buyer, but
is positive, without condition or limitation, if the property sold still remains in
the possession of the purchaser.

These grounds, therefore, are not tenable.

On the trial below, the plaintiffs objected to the introduction of evidence on
behalf of *Gould & Co.*, on the ground that *E. Hill & Co.*, defendants in execu-
tion, had not been made parties to their third opposition.   The objection was
overruled, and the evidence received.   The court did not err.   *E. Hill & Co.* were
not necessary parties.   Article 401 of the Code of Practice prescribes that the
third opposition shall be served on the seizing creditor, and the Sheriff, but does
not require that the defendant in execution shall be cited, or made a party to the
proceeding. 1 An. 144.   There is no error in the judgment of the lower court.

Judgment affirmed, with costs in both courts.