On February 19, 1942, the plaintiff secured a judgment by default against the defendant Crosby on an open account for the sum of $295.41, and on the same day had a writ of execution issue on the judgment. The sheriff seized a lot of bakery fixtures belonging to the defendant and advertised this property for sale on March 14, 1942, to satisfy the writ. On the day before this sale was to take place, Mrs. Olihu Peace Hinson filed a third opposition alleging that she was the assignee of a lease from John Mansinger to Crosby whereby the former leased to the latter a brick building in Leesville known as the City Bakery; that there was a balance due on the lease of $150, and as the assignee of the said lessor she claimed a lien and privilege on all the movable property in said building which had been seized by plaintiff under its writ and which property was advertised for sale. She prayed for a judgment against Crosby for the amount of rent due as aforesaid with recognition of her lessor's lien and privilege on said movables to be sold at said sale, and ordering the sheriff to pay to her out of the proceeds of the sale the amount of her claim by preference. An order was signed commanding the sheriff to hold and keep in his possession, until further orders of the court, the proceeds of the sale to be made by him.
For lack of a sufficient bid, the property was not sold on March 14th and was re-advertised to be sold on April 4, 1942, on which date the property was sold and the net proceeds, $172.64, were held by the sheriff until further orders of the court. Shortly after this sale, the plaintiff filed an answer to the third opposition making a general denial thereof, with an alternative plea that if it should be found that *Page 612 
opponent's claim was well founded that she be cast for her proportionate part of the cost.
It appears that testimony was taken on the third opposition in May, 1942, and opponent introduced over objections of counsel for plaintiff the lease from Mansinger to Crosby, the assignment of the lease to her, and the fact that Crosby owed for six months at $25 per month. At the conclusion of this testimony, plaintiff filed an exception of no cause or right of action to the third opposition on the ground that it was shown that Mrs. Hinson is a married woman and there was nothing in the pleadings or evidence to show that the transaction involved her separate property. Counsel for third opponent then filed a motion to strike out this exception which was overruled, and then filed a motion to re-open the case, which was granted.
The case was re-opened and further evidence taken in January, 1943, the purport of this evidence was to show that Mrs. Hinson bought the lease with her separate funds. The evidence was objected to for the reason that it enlarged the pleadings, but was admitted subject to the objection. On February 24, 1943, the judge rendered a judgment holding that the evidence introduced by third opponent to show that the transaction concerned her own separate estate was improperly admitted as enlarging the pleadings and dismissed the third opposition as in case of nonsuit. Three days after this judgment of nonsuit was rendered, the sheriff, on the demand of counsel for plaintiff, paid them the amount which he held from the proceeds of the sale and took a receipt therefor.
Third opponent filed a new petition on March 2, 1943, setting up the facts she had alleged in her first petition with more particular details of her purchase of the lease from Mansinger with her separate funds, and prayed for citation of plaintiff and defendant and for recognition of her lien and privilege on the proceeds of the sale of March 14, 1942. The judge signed an order commanding the sheriff to hold the proceeds of this sale (the proceeds having already been withdrawn as stated above) until the further orders of the court.
The plaintiff filed the following motions and exceptions to this second petition of third opposition: motion to dismiss for the reason that there were no funds in the hands of the sheriff when the second opposition was filed, the same having been paid to plaintiff's counsel to apply on the writ issued under its judgment against Crosby; another motion to dismiss the third opposition for the reason that third opponent had not paid the cost of the first opposition which was dismissed at her cost as in case of nonsuit; also an exception of no cause or right of action.
After the filing of a supplemental petition by the third opponent, the trial judge, on April 17, 1943, rendered a judgment overruling the exception of no cause or right of action and the motion to dismiss the second opposition for nonpayment of the cost of the first. Plaintiff filed a motion to dismiss the supplemental petition which was overruled, after which plaintiff filed an answer to the second opposition and the case was set down for trial. On this trial, the third opponent offered over the objection of counsel for plaintiff, the testimony which had been taken on the first opposition. On October 19, 1943, the trial judge rendered a judgment in favor of third opponent recognizing her lien and privilege on the funds in the hands of the sheriff, and directed the sheriff to pay her claim by preference and priority. The plaintiff appealed.
Out of all this mass of pleading there is only one exception which is pressed on the appeal — the one which seeks a dismissal of the opposition on the ground that when the second opposition was filed the proceeds of the sale were no longer in the hands of the sheriff and consequently there was nothing against which the lessor's lien and privilege could be asserted.
In our opinion, this contention is not well taken. When the first opposition was filed, the court ordered the proceeds of the sale to be held by the sheriff until further orders of the court. When this opposition was dismissed by a non-suit on February 24, 1943, there was no order releasing the fund, and the judgment of nonsuit did not have the effect of releasing the fund immediately, as third opponent had ten days from the date of the judgment in which to take a suspensive appeal which would have held the fund intact pending such appeal. The second petition was filed and the order on the sheriff endorsed thereon to hold the funds subject to the further orders of the court was issued prior to the expiration of the ten *Page 613 
days during which third opponent had a right to take a suspensive appeal and at a time when these funds should have been in the hands of the sheriff. The fact that third opponent chose to file a new petition instead of taking a suspensive appeal could not change the status of the fund before the judgment of dismissal became final.
On the trial of the second opposition, as already stated, practically all the evidence offered by the third opponent in support of her claim was that taken on the two trials of the first opposition. Counsel for plaintiff objected to this evidence for the reason that no opportunity was afforded to cross-examine the witnesses. The record in a previous suit between the same parties, including the evidence given therein, is admissible in the second suit if it is relevant to the issue presented in the second suit, although the former suit was dismissed by a nonsuit before judgment was rendered therein. Hunter v. Smith, 5 Mart., N.S., 177. Counsel for plaintiff had an opportunity to cross-examine the witnesses when the evidence was taken in the first suit.
The remaining question is whether or not the third opponent has sufficiently proved her claim. She produced the lease from Mansinger to Crosby and the assignment of that lease by the former to her for a consideration of $150 which she paid out of her own separate funds. She proved by Mansinger that the option to renew the lease was exercised by Crosby; that the lease was in force at the time of the seizure and that Crosby owed six months rent on the lease at $25 per month. She introduced the advertisement of the sale to show what property was in the building, and while the evidence is not very strong as to whether or not the seized property was in the leased building at the time of the seizure, yet we think from all the facts and circumstances shown by the record it may be reasonably concluded that this property was in the leased building when the seizure was made.
The point is made by appellant that, as Crosby was not cited in the second opposition, no judgment could be rendered on a rent claim against him. However, this is a proceeding under Article 401 of the Code of Practice to determine whether or not third opponent has a preference on the proceeds of the sale of the property seized under the writ of execution, and the defendant Crosby was not a necessary party to the proceeding. Only the seizing creditor and the sheriff were necessary parties and they were both served with the proceeding. Converse, Kennett Co. v. Hill Co., 14 La.Ann. 89.
For the reasons assigned, the judgment appealed from is hereby affirmed.