MOISE, Justice.
- The sole issue for determination by this Court is the contention made by plaintiff to dismiss the appeal taken by Guy Scrog-gins.
Scroggins had taken writs to this Court, and we denied those writs with the endorsement, “Relator has an adequate remedy by appeal.”
A chronological listing is necessary in order to make the issues of law and fact understandable.
The suit presently before the Court is that of Delafield v. Ross, in which the plaintiff issued an attachment and sequestration against the partnership of Ross & Ross, who at the time were absentees. Their deposit in the bank was attached.
Scroggins, the appellant in this suit, sought, by a motion, to dissolve the writ of attachment granted, and he propounded certain interrogatories to Percy Ross, the absentee, in which Ross admitted that as auctioneer he sold a tractor for Scroggins to the Memphis Equipment Company and that after the payment of the commission Scroggins was entitled to the net proceeds of the sale which amounted to $4,300, which he here claims.
After this there appears in the record a stipulation to the effect that Guy Scroggins paid, by personal check, the commission due Ross & Ross, auctioneers, on the sale of the tractor owned by Scroggins and sold by Ross, and that there is actually due him the sum of $4,300.
Ross & Ross drew their check, which was delivered to Scroggins, in the sum of $4,300. This check is dated November 14, 1952, drawn on the account of Ross & Ross in the Gulf National Bank at Lake Charles, Louisiana. Payment was refused by the *895 bank for the reason that, between the time of the giving of the check to Guy Scroggins and its presentation to the bank, the Ross ■& Ross account had been garnisheed under attachment at the instance of the plaintiff.
Scroggins, thereupon, took a motion to •dissolve the attachment. His motion was ■dismissed, and he applied for a rehearing. On the refusal of the rehearing, he then filed a petition of intervention, in which he set up his ownership of the funds .attached in the sum which he claims. Scroggins then brought attachment proceedings to obtain the funds, and he simultaneously applied to this Court for remedial writs to review the judgment of the trial ■court which refused to dissolve the writ of .attachment secured by plaintiff. These writs were refused with the notation cited supra.
Scroggins then devolutively appealed to this Court, and it is this appeal that is now sought to be dismissed.
Scroggins then filed a third opposition to the execution of the judgment of the trial court. He, thereafter, voluntarily dismissed the opposition as to the execution ■of the judgment. The plaintiff now contends that this voluntary dismissal constitutes an acquiescence and consent to the validity of the judgment and that the appeal should be dismissed.
We cannot agree with the contentions of plaintiff, because Article 398 of the Code of Practice reads:—
“ * * * such opposition shall be considered as a separate demand, distinct from the suit in which the order was granted * * *.”
In the case of Atkins v. Smith, 204 La. 468, 15 So.2d 855, 857, it is stated:
“A third opposition based on alleged ownership of the property presents an issue to be tried between the third opponent and the party provoking the seizure. The third opponent stands in the attitude of .plaintiff insofar as his demand is concerned, and he cannot inquire into the validity of the proceedings between the plaintiff and the defendant in the original suit. Harper v. Commercial & Railroad Bank of Vicksburg, 15 La.Ann. 136. Also see, First Nat. Bank of Ft. Wayne, Indiana v. Ft. Wayne Artificial Ice Co., 105 La. 133, 29 So. 379. Consequently, his demand in no way depends on the outcome of the original suit between the plaintiff and the defendant.”
There is, therefore, no merit in the contentions of the plaintiff. The third opposition is separate and distinct, insofar as the original demand and contentions are concerned and from which the devolutive appeal has been taken.
We are impressed with what has been said in one of the very old cases — the suit of Jackson v. Michie and Murdock, 33 La. Ann. 723 — where we have the following pronouncement:
*897 “ ‘An appeal, is an important right, which should never be denied, unless its forfeiture or abandonment is conclusively shown.’ ” See, Hope v. Madison, 191 La. 1075, 187 So. 28, 29.
For the reasons assigned, the motion to dismiss the appeal is denied. All costs to be paid by mover.