SIMON, Justice.
 

 Only a motion to dismiss the appeal is^ presently before us for our consideration.
 

 A chronological listing is necessary in order to make the issues of law and fact understándable.
 

 On January 5, 1957,’ plaintiff brought this suit against the defendants for an alleged indebtedness of $2,622.50 — an action in rem —coupled with a writ of attachment under
 
 *1067
 
 which certain property owned by. the defendants and described as “Lot 4 and the-South 50 feet of Lot 3 of Block 4 of University Place, Part E”, was seized. The attachment was issued on the ground that the defendants were absentees or nonresidents of the State. Service of citation was effected by legal posting on the courthouse door.
 

 On February 12, 1957, learning of defendants’ ownership of certain other lots described as “Lots 15, 16, 17, 18, 19, 38, 39 and 40 of Syria subdivision as per plat Book 8, Page 169”, plaintiff filed a supplemental petition, causing writs of attachment to be sued out, observing the same procedure followed in the original seizure.
 

 After the lapse of legal delays no appearance or answer having been made, on motion of plaintiff a curator ad hoc was duly appointed and qualified, and upon whom proper service was made. The curator’s answer is a general denial of all pleaded facts.
 

 On April 15, 1957, the Lake Charles Lumber Company, Incorporated, solely for the purpose of having the attachment dissolved, filed its petition of intervention, contending said writ be declared null, void and of no effect on the ground that the district court is without jurisdiction rationae materiae in that intervenor is the owner by virtue of its purchase, as per authentic deed, duly recorded, from the defendants of the property orginally attached, namely: “Lot Four (4) and South Fifty (50) feet of Lot Three (3) of Block Four (4) of University Place, Part E”, and that, accordingly, the writ of attachment, orders thereunder and any future judgment herein cannot affect the property owned by it as aforestated.
 

 In the first alternative intervenor urges that should the writ of attachment be held valid it pleads that its ownership be held free and clear of the attachment, any orders, arising therefrom or any judgment or resulting sale. In the second alternative,, that it has a superior lien and privilege to> that of plaintiff in the non-resident attachment entitling it to be paid by preference and priority, insofar as it affects said property. Plaintiff and the non-resident defendants were duly cited. The curator in answer made a general denial. Plaintiff did not file an answer or make an appearance in opposition thereto.
 

 On the same day of the filing of the intervention, plaintiff obtained judgment against the non-resident defendants in the amount sued for, maintaining the writ of attachment issued but only insofar as it affected the described lots located in the Syria Subdivision, with recognition of plaintiff’s lien and privilege, and ordering the said lots sold and the proceeds paid to plaintiff by preference and priority over the claims of other creditors. This judgment, however, reserved to plaintiff any rights it might'enjoy in and to the remain
 
 *1069
 
 ing property attached pending a decision of the issues raised by the third party opposition of the Lake Charles Lumber Company, Incorporated.
 

 On May 13, 1957, after hearing evidence on the third opposition, judgment was rendered on confirmation of default against plaintiff and on issue joined against the defendants, maintaining said opposition, declaring opponent the owner of the University Place property, free and clear of the attachment, any orders arising therefrom, or from any liens and privileges resulting therefrom, and that said property be declared
 
 "no longer subject to the said attachment in any regard whatsoever
 
 * * * ” (Italics ours.)
 

 The underscored language is quoted verbatim for the reason that plaintiff’s counsel vigorously contends that said judgment did not by any of its terms “release” the attachment, no writs being ordered “recalled, withdrawn or rescinded,” nor was the sheriff directed to release the subject property from his seizure.
 

 The contention of appellant that the writ of attachment was not dissolved and rendered ineffective does not impress us. A judgment of a court is not to be circumscribed or restricted to stereotyped words, just so long as the result decreed is spelled out in lucid, unmistakable language serving as the equivalent of words which may prove more • desirable. To .us the judgment is manifestly explicit and graphic. By pronouncing that the subject property is .“free and clear of this attachment”, together with “any orders arising out of the same”, and likewise “free ***0f*** any liens or privileges resulting from the said attachment” and that “this property be declared no longer subject to the said attachment in any regard whatsoever ' * * * ”, rationally and unequivocally released the subject property from, and recalled and rescinded the attachment previously issued.
 

 On May 16, 1957, the sheriff notified the clerk of court that, acting under the two attachments, he had seized all of the property described' therein. On June 6, 1957, plaintiff’s attorneys thereupon addressed a letter to the. clerk of court authorizing him to cancel and erase from the mortgage records the notice of seizure and the attachment only insofar as it affected the University Place property, but said seizure .and attachment to remain executory and enforceable as against the Syria Subdivision property. .
 

 Thereupon, having engaged a new counsel, on April 25, 1958, a few days short of one year following the date of the judgment dissolving the attachment, plaintiff obtained a devolutive appeal from said judgment, which appeal ’is now before us.
 

 .OpponenCappellee has moved to dismiss this appeal upon various grounds: (1)
 
 *1071
 
 that once a seizure of property by way of nonresident attachment has been dissolved and ordered cancelled, the ■ judgment of dissolution, on the failure of the seizing creditor to obtain and perfect a suspensive appeal, terminates the res of the requisite jurisdiction, and the attachment cannot be revived or reinstated by means of a devolutive appeal, and the issue as to the rights of appellant becomes moot; and (2) that appellant has voluntarily and unconditionally acquiesced in the judgment of dissolution and has abandoned its right of appeal.
 

 Appellant contends (1) that the judgment of dissolution did not dissolve the writ of attachment but merely decreed ownership of the subject property; (2) that the third opposition so maintained is a separate demand, distinct from the original suit, and not dependent upon the latter’s outcome; and (3) that the letter of June 6, 1957, was not an acquiescence or abandonment as contended.
 

 Having previously answered appellant’s first contention, the more serious question is that of jurisdiction, that is, whether a devolutive appeal can be taken from a judgment dissolving a non-resident attachment in favor of a third opponent.
 

 It is a well-settled doctrine from our earliest jurisprudence that non-residents of the state can only be made amenable to our courts by having their property attached, and that a writ duly executed stands in the place of a citation. Schlatter v. Broaddus, 4 Mart., N.S., 430; Favrot v. Delle Paine, 4 La.Ann. 584. A writ of attachment is not, in the case of an absentee, a conservatory act, a remedy, an incident to the main action; it is, on the contrary, the very foundation of the suit and is binding only upon the property seized. Pugh v. Flannery, 151 La. 1063, 92 So. 699.
 

 The purpose of the law in granting to citizens of the state the high privilege of attaching the property found within the state of one who is a non-resident is. to furnish the resident creditor a process, of its courts, enabling him to enforce his. demands against his non-resident debtor, at least to the extent of the property seized, which is all that the law can give. In such cases the writ operates only within the limits of the jurisdiction from which it issues, and the judgment rendered has no effect beyond the property attached. The attachment itself is the main demand, and it follows as a natural consequence, that an order setting aside an attachment terminates the suit and is a finality, having as its immediate effect an irreparable injury to one of the parties, unless appealed from within the time required to suspend its execution. Watson v. Simpson, 15 La.Ann. 709.
 

 In the case of Stanford v. Bischoff, 159 La. 892, 106 So. 371, we affirmed our holding in the Watson case, supra. Likewise in Burgin Bros. & McCane v. Barker Baking Co., 152 La. 1075, 95 So. 227, we there held that since an attachment is the sole
 
 *1073
 
 basis of jurisdiction, once the writ is dissolved the jurisdiction of the court is lost.
 

 In First Nat. Bank of Shreveport v. Pierson, 176 La. 792, 146 So. 749, 750, we held that, after the court below had sustained a motion dissolving a non-resident attachment, “This necessarily terminated the case, for with the fall of the attachment, the proceeding being in rem and resting on the attachment, the entire case fell.”
 

 The termination of the suit is not, however, without the right of the seizing creditor to take an appeal, within the legal delays suspending the execution of the judgment. Watson v. Simpson and Stanford v. Bischoff, supra. A devolutive appeal from such a judgment would be of no avail, failing as it does to stay the finality and execution of the judgment. Art. 578, Code of Practice.
 

 Thus, in the instant case, the judgment not having been appealed from suspensively, the court’s jurisdiction over or power to enforce any judgment upon the property released from the attachment was completely lost. See 7 C.J.S. Attachment §§ 470 and 471; Wade on Attachment, Vol. 1, p. 294; Citizens’ Bank of Columbia v. Bellamy Lumber Co., 140 La. 497, 73 So. 308; and McWaters v. Smith, 25 La.Ann. 515.
 

 It is manifest that appellant having failed to take and perfect a suspensive appeal, the legal consequences flowing therefrom were to release the property and to terminate the suit; and the attachment based on npn-residency, once released by final judgment could not be revived or reinstated. A reversal by us, on a devolutive appeal of the final and executed judgment dissolving the attachment would find us powerless to revive, recreate or reinstate the original attachment. The validity of a judgment dissolving non-resident attachment, when not appealed from suspensively, cannot be affected by a reversal of the judgment or order on a devolutive appeal. Such legal consequences could have been averted by the taking and perfecting of a suspensive appeal. See 7 C.J.S. Attachment § 271.
 

 Appellant contends that under our rule of law a third opposition is a separate demand, presenting an issue to be tried between the third opponent and the party provoking the seizure, the third opponent standing as a plaintiff insofar as his demand is concerned, and unable to inquire into the validity of the original proceedings between the plaintiff and the defendant, and that the third opponent’s demand in no way depends on the outcome of the original suit. From this rule of law it is argued that opponent has no legal standing to oust an appeal on a jurisdictional question as concerns the original suit.
 

 We readily concede the verity of this rule of law. Atkins v. Smith, 204 La. 468,
 
 *1075
 
 15 So.2d 855; and Delafield v. Ross, 226 La. 892, 77 So.2d 526. However, it is équally well settled that in a third opposition only the seizing creditor, and in some instances the executing officer, are necessary parties. The defendant debtor in execution need not be cited or made a party to the proceedings. Converse, Kennett & Co. v. E. Hill & Co.—W. H. Letchford & Co., 14 La.Ann. 89; Pollock Paper & Box Co. v. Crosby, La.App., 16 So.2d 611; Art. 398, Code of Practice.
 

 In the instant case there is no jurisdictional question raised as concerns the original suit. The third opposition sought a dissolution of the attachment only insofar as it affected one of the two items of property. Upon the dismissal of the attachment as to the one specific item, its legal effect was its release from the court’s jurisdiction. On the other hand, the court's jurisdiction over the property so released could only have been retained by the taking and perfecting of a suspensive appeal. Failing to have exercised the right of a suspensive appeal, the judgment releasing the property became final and definitive, thus removing the thing upon which the foundation of the non-resident attachment was predicated. The release of the subject property did not deprive the seizing creditor from prosecuting his suit in rem against the remaining attached ■ property. This right was enforceable just ,as if the attachment of the' released property had never been . obtained. In this instance it is shown that the seizing creditor pursued just such a course, for it obtained a judgment in rem for the amount sued for, thereupon leaving for execution the other item of property not affected by the judgment of dissolution.
 

 Having resolved the first issue, we may dispense with the necessity of disposing of the. second contention of mover-appellee, wherein it urges that the judgment dissolving the attachment has been voluntarily acquiesced in with full intention to abandon its right of appeal. This contention grows as a result of a letter written by plaintiff’s attorneys on June 6, 1957, almost thirty days after the judgment of dissolution, addressed to the Clerk of Court, and a copy forwarded to the Sheriff’s Office, authorizing “the cancellation from the mortgage records * * * the writ of attachment” insofar as it affected the subject property to which the third opposition has been directed.
 

 It is equally unnecessary to resolve the issue of estoppel filed in connection with the motion to dismiss, which plea is founded upon plaintiff-appellant having filed a new suit against defendants and therein having obtained a personal judgment against them, with payment and cancellation of prior liens, privileges and mortgages.
 

 The motion to dismiss is sustained. All costs to be-paid by .appellant.