FAULKNER, J.
| ] This appeal arises from the determination of a child support obligation by the Juvenile Court of Jefferson Parish. For the following reasons, we remand the matter solely for the hearing officer to rule whether appellant, Watt Jones, is entitled to a recalculation of his child support obligation.
Facts and Procedural History
According to this designated record, on January 7, 2013, the State of Louisiana, Department of Children and Family Services (“DCFS”), represented by the Jefferson Parish District Attorney (collectively, “State”), filed this action pursuant to La. R.S. 46:236.1.1, et seq., in the Jefferson Parish Juvenile Court against defendant, Watt Jones. The State sought child and/or medical support from Mr. Jones, for his son, the minor child, B.L.J.
On July 18, 2014, the parties appeared before the hearing officer to review a temporary child support order. Following the submission of income and expense sheets and recent tax returns, the hearing officer calculated that Mr. Jones’ monthly income was $11,039.71. A worksheet was prepared and the hearing officer ordered Mr. Jones to pay temporary support in the amount of $1,372.36 made retroactive to September 30, 2013, and arrears were to be collected once the order was made permanent. Mr. Jones disagreed with the hearing officer’s recommendation for judgment, and the order was set to be reviewed by the juvenile court on August 29, 2014.
The August 29, 2014 hearing was continued multiple times and was heard eventually on June 12, 2015. On that date, the hearing officer recommended that the temporary order in the amount of $1,372 .35 be made permanent and retroactive j2to September 30, 2013. Arrears were to be determined by LASES.[1] Mr. Jones disa *1203 greed, and a disagreement hearing was set before the juvenile court.
On July 13, 2015, Judge Andrea Janzen held the disagreement hearing. After review of receipts provided by Mr. Jones for ordinary and necessary expenses, Judge Janzen determined that Mr. Jones’ gross income was $80,000.00, and prepared a worksheet accordingly. Based upon the worksheet, the juvenile court ordered that child support be set for $959.70 per month retroactive to August 28, 2014, the date on which Mr. Jones previously filed a rule to reduce. That same day, notices of the judgment were mailed to the parties and their counsel. Mr. Jones did not file a motion for new trial or motion for appeal from that ruling.
Instead, on September 24, 2015, Mr. Jones filed a “Rule to Recalculate Child Support and Why He Should Not Received [sic] Credit for Child Support Payment Made and [sic].” On September 28, 2015, Judge Janzen denied the rule ex parte with a notation that it was “ruled on in Section B on 7/13/15.” On October 8, 2015, Mr. Jones then filed a “Motion for New Trial from the Court’s Denial of Mr. Jones to Receive Credit for Child Support Payment Made and [sic].” Mr. Jones requested that the juvenile court set aside its September 28, 2015 denial of his rule to recalculate and prayed for credit on past child support payments made. On October 13,2015, Judge Nancy Konrad granted the motion for new trial and set it for hearing on December 4,2015.
The December 4, 2015 judgment provides: “Rule to Show Cause why the Denial of Mr Jones Rule Rendered Herein on the 28th Day of September, 2015, Should Not be Set Aside and a New Trial Ordered 12/04/2015 Taken Up.” The December 4, 2015 court minutes reflect that a hearing for a credit on arrears was held, and Hearing Officer Ashley Amato calculated Mr. Jones’ arrears to be |s$5,547.21, and based upon receipts provided by Mr. Jones, recommended a credit of $3,700.00. On December 4, 2015, Judge Janzen adopted the hearing officer’s recommendation as the order of the court. On January 26, 2016, Mr. Jones filed a petition and order for appeal of the December 4, 2015 judgment denying his motion for recalculation, which was granted.
This designated record was lodged on March 30, 2016. On April 25, 2016, Mr. Jones filed his appellant brief, and on May 12, 2016, the State filed its appellee brief. After finding the designated record insufficient, on May 18, 2016, this Court issued an order for the 24th Judicial District Court to produce within thirty days, at Mr. Jones’ costs, a copy of the original rule, as well as any judgment,.minute entries, reasons for judgment, and notices of judgment for rulings dated July 18, 2014, June 12, 2015, July 13, 2015, and December 4, 2015. On June 27, 2016, the State filed a motion for leave to supplement the record with additional pleadings, which was granted on July 6, 2016. The supplement to the record was filed by the 24th Judicial District Court on July 19, 2016.

Discussion

By this appeal, Mr. Jones solely assigns as error the juvenile court’s refusal to recalculate his child support obligation. Mr. Jones avers that the parties consented to review the temporary order once the child support obligation was made permanent. Thus, he requests we reverse and remand for the juvenile court to recalcu *1204 late his child support obligation utilizing his correct gross income of $80,000,00, which was determined at the July 13, 2018 disagreement hearing.
The State suggests that Mr. Jones is appealing .the July 13, 2015 judgment. Thus, the State submits that as Mr. Jones failed to timely seek review of the July 13, 2015 judgment by filing a timely motion' for new trial or motion for appeal, we should dismiss the instant appeal as untimely.
|4Before determining the merits of Mr. 'Jones appeal, we must consider whether our jurisdiction was properly invoked by the December 4, 2015 judgment. Appellate courts have a duty to examine subject matter jurisdiction sua sponte, even when the parties do not raise the issue. Lynch-Ballard v, Lammico Ins. Agency, Inc., 13-475, p. 4 (La.App. 5 Cir. 11/19/13), 131 So.3d 908, 910, writ denied, 15-1952 (La.1/25/16), 185 So.3d 748; Brown v. Loraso, 11-196 (La.App. 5 Cir. 10/27/11), 77 So.3d 455, 456.
In his motion for new trial, Mr. Jones claimed that he should receive credit for payments made and that it was error for the court to deny his motion for recalculation of his child support obligation. This motion was granted and set for hearing on December 4, 2015. On the date of the motion for new trial hearing, Hearing Officer Amato determined that Mr. Jones was owed a credit on arrears. However, the record is unclear whether Hearing Officer Amato ruled upon Mi*. Jones' motion to recalculate at the December 4, 2015 hearing; As stated, the judgment provided: “Rule to Show Cause why the Denial of Mr Jones Rule Rendered Herein oh the 28th Day of September, 2015, Should Not be Set Aside and a New Trial Ordered 12/04/2015 Taken Up.” Neither the December 4, 2015 judgment nor the court minutes indicate whether Mr. Jones’ rule to recalculate was resolved at the hearing.
“A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled.” La. C.C.P. art. 1841. This court cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a valid final judgment.' Input/Output Marine Sys. v. Wilson Greatbatch Techs., Inc., 10-477, p. 12 (La.App. 5 Cir. 10/29/10), 52 So.3d 909, 915; Creighton, Richards & Higdon, L.L.C. v. Richards Clearview, L.L.C., 09-247, pp. 3-4 (La.App. 5 Cir. 10/29/09), 28 So.3d 391, 393. “A final judgment shall be identified as such by appropriate language.” La. C.C.P. art.1918.
I'fiA: valid judgment must be precise, definite and certain. Blanke v. Duffy, 05-829, p. 2 (La.App. 5 Cir. 3/28/06), 927 So.2d 540, 541, See Scott v. State, 525 So.2d 689 (La.App. 1 Cir.1988), writ denied, 558 So.2d 1128 (La.1990); Johnson v. Mount Pilgrim Baptist Church, 05-0337, pp. 2-3 (La.App. 1 Cir. 3/24/06), 934 So.2d 66, 67. The decree alone indicates the decision. Falterman v. Prestenbach, 6 La.App. 563, 1927 WL 3549, *1 (La.App. 1 Cir.1927). The result decreed must be spelled out in lucid, unmistakable language. South St. Lumber Co. v. Dickerson, 235 La. 1062, 106 So.2d 513, 515 (La.1958). The quality of definiteness is essential to a proper judgment. Russo v. Fidelity & Deposit Co., 129 La. 554, 56 So. 506, 508 (La.1911).
A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. Johnson, supra, 05-0337 at 3, 934 So.2d at 67. The specific relief granted should be determinable from *1205 the judgment without reference to an extrinsic source, such as pleadings or reasons for judgment. Vanderbrook v. Coachmen Industries, Inc., 01-0809, pp. 11-12 (La.App. 1 Cir. 5/10/02), 818 So.2d 906, 913.
We find that the December 4, 2015 judgment is fatally defective and that our jurisdiction is not properly invoked. The judgment lacks decretal language and the specific relief granted or denied. It is unclear whether the hearing officer ruled upon the motion to recalculate. Accordingly, we cannot determine the merits of this appeal since there is not a valid final judgment before us, especially considering that Mr. Jones solely contests the court’s refusal to recalculate his obligation.
|fiFor the foregoing reasons, we remand the matter for the limited purpose for the hearing officer to determine whether Mr! Jones is entitled to recalculation of his child support obligation;

MATTER REMANDED FOR LIMITED PURPOSE

. According to the Louisiana Department of Social Services website, LASES is an aero- *1203 nym for "Louisiana Automated Support Enforcement System.” It is “a computer system designed to support the administration and implementation of Louisiana’s [child support] program.” See https://stellent.dcfs.la.gov/ LADSS/getContent?id=63726&rendition= Web&mimeType=application/pdf&noSave As=true. (last visited August 19, 2016).