FREDERICKA HOMBERG WICKER, JUDGE
|, In'this action for declaratory judgment, injunctive relief, and compensatory damages, plaintiffs, former Jefferson Parish public school principals, seek to devolutively appeal the trial court’s June 13, 2016 judgment and July 25,2016 amended judgment, .wherein the trial court ruled upon a series of nine “Stipulated Legal Issues.”[1]
For the following reasons, we find this Court lacks appellate jurisdiction as these judgments are not final, appealable judgments. Therefore, we grant appellee Jefferson Parish School Board’s motion to dismiss this appeal, although on grounds different from .those asserted in appellee’s motion, dismiss this appeal without prejudice, and remand the matter to the trial court for further proceedings.
FACTUAL AND PROCEDURAL BACKGROUND
On December 4, 2012, plaintiffs, twelve former principals, filed suit against defendant, the Jefferson Parish School Board, alleging breach of their employment contracts and failure to give proper notice of its intention not to renew plaintiffs’ contracts in violation of La. R.S. *710 17:444(B)(4)(c)(i). Plaintiffs sought reinstatement, or alternatively front pay for five years, a declaration that the School Board policy at issue violates the law, and injunctive relief. On December 11, 2013, plaintiffs filed an amended petition adding an additional plaintiff, alleging that the School Board demoted or terminated plaintiffs without a pre-deprivation hearing as required by Louisiana law.
On May 7, 2015, the parties filed a “Joint Motion to Set a Status Conference,” in which they represented to the district court that they had “conferred a number of times over the last year and have agreed upon certain legal issues” they wished to present to the Court for briefing and decision. The parties | ^expressed in this joint motion their belief “that the determination of these legal issues will narrow the ultimate issues in the case for depositions and any further written or other discovery and trial, and will streamline the presentation of the case.”
It appears that the district court conducted a status ' conference on May 28, 2015, during which it set deadlines for the submission of stipulations and briefing in accordance with the intentions expressed in the parties’ May 7, 2015 joint motion.[2]
On January 15, 2016, the parties jointly filed a “Stipulation of Facts,” which they expressly submitted “for the Court’s consideration when deciding the Stipulated Legal Issues that the parties agreed to and submitted to the Court.”[3] The parties filed their “Stipulated Legal Issues” on February 2, 2016. This document contained nine discrete issues which the parties moved the court to consider and to decide. Nothing in this joint motion suggests that the parties requested or contemplated that the court would resolve the merits of plaintiffs’ claims or decide issues other than the nine “Stipulated Legal Issues” presented. -
On January 15, 2016, plaintiffs’ filed its brief addressing each of the “Stipulated Legal Issues.” According to plaintiffs, the parties were engaged in a “collaborative effort to narrow the issues for trial,” which motivated the agreement between the parties to identify and to brief the nine stipulated issues for resolution prior to trial.
On the same day, the School Board filed its brief addressing each of the issues to which the parties stipulated. In the introduction of its brief, the School Board expressed its understanding that “[b]y resolving the nine (9) legal issues ^addressed in this Brief, [the district court] will decide the vast majority of the disputes between the Parties in this lawsuit, and [sic] will assist the Parties to resolve the litigation in an expeditious fashion.” Prior to submission of the School Board’s brief, there was no indication that the parties contemplated that resolution of these “Stipulated Legal Issues” would involve resolution of any issues to which the parties did not stipulate or any decisions on the merits. Nevertheless, at various points in its brief, the School Board seemed to advocate that the district court make additional factual find *711 ings. Ultimately, the School Board concluded its brief with a prayer for the district court to “rule in its favor on the stipulated legal issues addressed above and dismiss with prejudice all of the Plaintiffs’ claims against the Board.”
On February 4, 2016, plaintiffs filed their reply brief, responding to the arguments set forth in the School Board’s brief but attaching additional evidence to which the School Board did not stipulate concerning the School Board’s treatment of other similarly situated principals. Plaintiffs presented this evidence for the district court to consider on the question of whether or not the School Board acted arbitrarily and capriciously with respect to the plaintiffs.[4]
The School Board filed its reply brief on February 5, 2016, again arguing at times that the district court should reach the merits of certain claims rather than resolving the discrete issues the parties presented.
On March 9, 2016, and April 12, 2016, the district court conducted two hearings concerning the parties’ “Stipulated Legal Issues.” At various points during these hearings, defendant made merits arguments to the court, at one point eliciting the following admonition from plaintiffs’ counsel: “Man, I was under the impression that before—we came before the Court to discuss purely legal issues Land not factual issues. And I think thé Defendants have now thrown a lot of facts into the mix, which they say that should result in a decision in their favor.” In presenting arguments with respect to some of the “Stipulated Legal Issues,” plaintiffs acknowledged that resolution of some issues required the district court to make factual determinations that were not appropriate at this juncture: “But in the Oakbourne case where the Court discusses constructive discharge, again, as I said, Your Hon- or, it’s a fact-based determination. I think the Court has to hear testimony of individuals to determine whether or not there was humiliation or there’s a loss of status, Your Honor.” At the conclusion of these hearings, the district court took the matter under advisement.
On June 13, 2016, the district court signed a written judgment, directly addressing each of the parties’ “Stipulated Legal Issues,” as the parties requested. With the consent of both parties, the district court signed an amended judgment on July 25, 2016; which substantively altered a portion of the June 13, 2016 judgment, applying the court’s legal reasoning to four additional plaintiffs based on the facts to which the parties’ stipulated.[5]
Plaintiffs filed a motion for devolutive appeal from the amended judgment on September 21, 2016.
LAW AND ANALYSIS
Defendant has filed a motion to dismiss, arguing that plaintiffs’ appeal was not timely filed and that plaintiffs do not have a right to appeal the amended judg- *712 merit because they consented to the amendment of the judgment. We dismiss this appeal without prejudice on other grounds.
| ¡¿Before considering the merits in any appeal, appellate courts have the duty to determine sua sponte whether subject matter jurisdiction exists, even when the parties do not raise the issue. Input/Output Marine Sys. v. Wilson Greatbatch Techs., Inc., 10-477 (La.App. 5 Cir. 10/29/10), 52 So.3d 909, 910. This Court cannot determine the merits of an appeal unless our appellate court jurisdiction is properly invoked by a valid final judgment.” Id. at 915.
La. C.C.P. art. 1915 provides, in pertinent part:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or in-tervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
(6)Imposes sanctions or disciplinary action pursuant to Article 191, 863, or 864 or Code of Evidence Article 510(G).
B.
(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
|fi(2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be'revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
After thoroughly reviewing the record, we can only conclude that the merits of plaintiffs’ claims were not before the district court at the time it issued the judgments in this case and the judgments the district court rendered did not resolve all of the claims as to any one or more plaintiffs.
The parties consented to what effectively was a bifurcated trial of certain discrete issues.[6] At no time during the pendency of these proceedings did the parties agree to *713 expand the number of issues presented to the trial court for resolution beyond the nine issues presented in the parties’ “Stipulated Legal Issues.” Thus, we find the merits of plaintiffs’ claims were not before the court.
Moreover, in issuing its rulings in this case, the court properly confined itself to the designated issues before it. Plaintiffs’ petition seeks declaratory and injunctive relief as well as compensatory damages. Moreover, plaintiffs alleged both breach of contract and a violation of due process rights. After closely examining the holdings in each judgment, we find that the district court did not resolve all claims on the merits with respect to any one or more plaintiffs such that either judgment would qualify as a final judgment under La. C.C.P. arts. 1841 and 1915(A).[7] Moreover, neither judgment is designated as a partial final judgment pursuant to La. C.C.P. art. 1915(B).
The judgments also do not contain de-cretal language as required by La. C.C.P. art. 1915 and Louisiana jurisprudence. Claiborne Medical Corp. v. Siddiqui, 12-759 (La.App. 5 Cir. 2/28/13), 113 So.3d 1109, 1112. As this Court has held,
A valid judgment must be precise, definite and certain. Blanke v. Duffy, 05-829, p. 2 (La.App. 5 Cir. 3/28/06), 927 So.2d 540, 541 (citation omitted). See also: Scott v. State, 525 So.2d 689 (La. App, 1 Cir.1988), writ denied, 558 So.2d 1128 (La. 1990) (citations omitted); Johnson v. Mount Pilgrim Baptist Church, 05-0337, pp. 2-3 (LaApp. 1 Cir. 3/24/06), 934 So.2d 66, 67 (citations omitted). The decree alone indicates the decision. Falterman v. Prestenbach, 6 La. App. 563, 1927 WL 3549, *1 (La. App. 1 Cir. 1927). The result'decreed must be spelled out in lucid, unmistakable language. South St. Lumber Co. v. Dickerson, 235 La. 1062, 106 So.2d 513, 515 (La. 1958). The quality of definiteness is essential to a proper judgment. Russo v. Fidelity & Deposit Co., 129 La. 554, 56 So. 506, 508 (La. 1911).
A final appealable judgment must contain decretal language, and it must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. Johnson, supra, 0337 at 3, 934 So.2d at 67. Accord: Blanke, supra. The specific relief granted should be determinable from the judgment without reference to, an extrinsic source such as pleadings or reasons for judgment. Vanderbrook v. Coachmen Industries, Inc., 01-0809, pp. 11-12 (La.App. 1 Cir. 5/10/02), 818 So.2d 906, 913.
Input/Output Marine Sys., 52 So.3d at 915-16.
Because a final appealable judgment is not before us, we find that this Court lacks appellate jurisdiction in this matter, and we dismiss this appeal without prejudice. La. C.C.P. art. 2162. . . • •
DECREE
Accordingly,’we grant defendant’s motion to dismiss, dismiss this appeal -without prejudice, deny as moot plaintiffs’ motion to file a sur-reply to defendant’s motion to *714 dismiss, and remand this matter to the trial court for further proceedings.
APPEAL DISMISSED; CASE REMANDED

. Plaintiff’s motion for appeal references only the July 23, 2016 amended judgment which does not incorporate the June 13, 2016 judgment. From the , record, it is apparent that plaintiffs intended to appeal both the holdings contained in the June 13, 2016 judgment and the amendments contained in the July 23, 2016 judgment. Because we are dismissing this appeal, it is of no moment whether or not the holdings in the June 13, 2016 judgment were properly before us.

. With the consent of all the parties, the district court may bifurcate issues for trial "[i]f it would simplify the proceedings or would permit a more orderly disposition of the case or otherwise would be in the interest of justice...-." La. C.C.P. art. 1562. Although the record does not reflect that the parties ever filed a joint motion to bifurcate the issues, it is clear from the record that all of the parties consented to bifurcation of certain issues and intended for the district court to render a decision with respect to these issues prior to trial of the rest of the case.

. According to the parties’ "Stipulated Legal Issues,” the parties had previously agreed to and submitted these "stipulated legal issues” to the district court via facsimile on June 12, 2015.

. Plaintiffs apparently sought to use this evidence to argue broadly that the School Board’s decision to remove all of the plaintiffs was arbitrary and capricious. However, only "Issue 5” of the "Stipulated Legal Issues” involves the arbitrary and capricious question, and this issue solely addresses the three plaintiffs removed when the schools to which they were assigned closed.

. As a general rule, when an error of substance has crept into a final judgment, that error may be corrected by way of a timely motion for new trial or by appeal. LaBove v. Theriot, 91-2524 (La. 4/20/92), 597 So.2d 1007, 1010. The Louisiana Supreme Court has jurisprudentially recognized that substantive amendment is also permitted by consent of the parties. Id.; Villaume v. Villaume, 363 So.2d 448, 450-51 (La. 1978).

. While the parties designated the stipulated issues as "legal issues,” we need not address whether some or all of the issues presented to the court for decision were mixed issues of law and fact or factual issues.

. The record reflects that the School Board also did not believe that the judgment disposed of all of the claims of any plaintiff such that it could qualify as a final judgment under La. C.C.P. art. 1915(A). Indeed, at an October 18, 2016 hearing, the School Board acknowledged that the judgments clearly did not resolve plaintiffs’ due process claims, Defendant moved to compel ten of the plaintiffs to accept a tender to resolve these claims and requested that the district court issue “an order ... spelling out that these 10 plaintiffs are dismissed from this action as soon as the checks are deposited in the registry of the court."