SUCCESSION OF CORNELIA SMITH

NO. 22-CA-565

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-NINTH JUDICIAL DISTRICT COURT
PARISH OF ST. CHARLES, STATE OF LOUISIANA
NO. 13,060, DIVISION "D"
HONORABLE M. LAUREN LEMMON, JUDGE PRESIDING

May 24, 2023

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and John J. Molaison, Jr.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED**
    **JGG**
    **FHW**
    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
TIFFANY WHITE
    Charles K. Chauvin
    Jane Williams Chauvin

COUNSEL FOR DEFENDANT/APPELLANT,
ZELVIN H. SMITH
    Brad P. Scott
    Jane C. Alvarez
    Kayla Martynenko
    Kameron P. Whitmeyer

**GRAVOIS, J.**

Appellant, Zelvin Smith, appeals the trial court's August 22, 2022 judgment which removed him as provisional administrator of the Succession of Cornelia Smith and dismissed the succession proceeding. For the following reasons, we affirm in part, reverse in part, and remand.

## FACTS

The appellate record and briefs reflect that Mrs. Cornelia Smith, the decedent, died intestate on May 20, 2021 while domiciled in St. Charles Parish. On July 8, 2021, appellant, Mr. Smith, filed a "Petition for Appointment of Provisional Administrator," alleging that he was a son and heir of Mrs. Smith—as one of sixteen (16) children of Mrs. Smith, five of whom predeceased her, four of whom left additional heirs, all of whom were listed in the petition. The petition alleged that Mrs. Smith left immovable property located within St. Charles Parish, that an administration of the succession was necessary for the proper handling thereof, and that Mr. Smith desired to be appointed as provisional administrator of the succession proceeding in order to "preserve and safeguard" the assets of the succession. By Order signed on July 9, 2021, Mr. Smith was duly appointed provisional administrator of the succession proceeding. The Order also required him to post a bond in the amount of $1,000.00, which he subsequently did. Letters of Administration were issued on August 20, 2021.

Thereafter, on January 7, 2022, Mr. Smith filed a "Petition for Possession of Premises Pursuant to La. C.C.P. Article 4731," alleging that Mrs. Smith's house was occupied by Ranza Smith and Orvette Smith, despite his amicable demand for them to vacate the premises. The petition alleged that the property was owned by the Succession of Cornelia Smith and that Ranza Smith and Orvette Smith had no legal right to occupy the premises, as they had no ownership interest in the

property, nor a lease thereto.[1]  The petition prayed that Ranza Smith and Orvette

Smith be ordered to vacate and deliver possession of the premises to Mr. Smith.

The matter came on for a hearing on February 25, 2022, at which time it was

agreed that a ruling on possession of the premises would be deferred and re-set,

and that defendant Ranza Smith would provide keys and unrestricted access to the

property to Mr. Smith, but was not ordered to vacate the premises.[2]

On June 30, 2022, a "Motion and Incorporated Memorandum to Remove

Provisional Administrator and Dismiss Proceeding" was filed by Tiffany White, a

surviving child and intestate heir of the decedent.  Therein, Ms. White alleged that

Mr. Smith's original petition for appointment of a provisional administrator alleged

no facts demonstrating the need for an administration of the succession or the

appointment of a provisional administrator, as the petition failed to set forth any

facts suggesting that any of the heirs were incompetent or unwilling to accept the

succession, or that the succession was burdened with any debts that would warrant

the need for an administration.  She further alleged that Mr. Smith had improperly

used his authority as provisional administrator to attempt to evict several heirs

from the property, improperly invoking La. C.C.P. art. 4731 to support their

eviction.[3]  She also alleged that Mr. Smith was improperly using his authority as

provisional administrator to sell the succession property, when there was no

compelling need to do so.  The matter was set for a hearing on July 29, 2022.  Mr.

Smith opposed the motion, and Ms. White filed a reply brief.

---

[1] In fact, however, the defendants Ranza and Orvette Smith were listed in Mr. Smith's Petition for Appointment of Provisional Administrator as two of decedent's children and intestate heirs.

[2] The Petition for Possession came on for a hearing again on March 16, 2022, but for various reasons not germane to this appeal, the hearing did not go forward on that date.

[3] La. C.C.P. art. 4731 applies to leases, which does not apply here.  Mr. Smith's Petition for Possession had alleged that the occupants were without authority to inhabit the premises, partly because they did not have a lease.

Following the hearing, the trial judge granted Ms. White's motion, removing Mr. Smith as provisional administrator and dismissing the succession proceeding, with each party to bear their own costs. At the hearing, the trial judge gave oral reasons for her ruling. Based upon the arguments made at the hearing, the trial judge found that under La. C.C.P. arts. 3001 and 3111, an administration of the succession was not necessary. A judgment was signed on August 22, 2022. This timely appeal followed.

## JURISDICTIONAL NOTE

As a preliminary matter, Ms. White argues in brief that the judgment on appeal removing the provisional administrator is interlocutory rather than final, citing this Court's opinion in *Succession of Ally*, 22-16 (La. App. 5 Cir. 12/31/22), 354 So.3d 1248, and thus argues that the appeal should be dismissed for lack of appellate jurisdiction. Ms. White, however, did not file a motion to dismiss the appeal in this Court. Nevertheless, before considering the merits in any appeal, appellate courts have the duty to determine *sua sponte* whether subject matter jurisdiction exists, even when the parties do not raise the issue. *Plaisance v. Jefferson Par. Sch. Bd.*, 16-747 (La. App. 5 Cir. 4/12/17), 218 So.3d 708, 712, citing *Input/Output Marine Sys. v. Wilson Greatbatch Techs., Inc.*, 10-477 (La. App. 5 Cir. 10/29/10), 52 So.3d 909, 910. This Court cannot determine the merits of an appeal unless our appellate court jurisdiction is properly invoked by a valid final judgment. *Id.*

This Court held in *Succession of Ally*, 354 So.3d at 1251-52, that a judgment appointing or removing a succession administrator is a nonappealable interlocutory judgment, absent dismissal of a party or designation of the judgment as final and appealable, citing La. C.C.P. arts. 1915 and 2974. However, when an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory rulings prejudicial to him, in addition to the review of the

22-CA-565                                    3

final judgment appealed from. *Household Fin. Corp., II v. Borry*, 18-209 (La. App. 5 Cir. 12/28/18), 264 So.3d 575, 579, citing *Bezou v. Bezou*, 15-1879 (La. App. 1 Cir. 9/16/16), 203 So.3d 488, 493, *writ denied*, 16-1869 (La. 12/5/16), 210 So.3d 814; La. C.C.P. arts. 1841 and 2083.

In the present case, the judgment of August 22, 2022 not only removed Mr. Smith as provisional administrator, but it also dismissed the entire succession proceeding. Accordingly, the judgment of August 22, 2022 was a final judgment under La. C.C.P. art. 1841,[4] and as such, because Mr. Smith moved for an unrestricted appeal of the entire judgment, he may seek appellate review herein of all interlocutory judgments rendered, including the portion of the judgment removing him as provisional administrator.

## ANALYSIS

On appeal, Mr. Smith argues that the trial court erred in removing him as provisional administrator because Ms. White failed to show by clear and convincing evidence that he qualified for removal under any reason stated in La. C.C.P. art. 3182,[5] nor that he breached his fiduciary duty imposed by La. C.C.P. art. 3191.[6] He also argues that the court erred in dismissing the succession proceeding.

---

[4] La. C.C.P. art. 1841 provides in pertinent part: "… A judgment that determines the merits in whole or in part is a final judgment."

[5] La. C.C.P. art. 3182 provides:

The court may remove any succession representative who is or has become disqualified, has become incapable of discharging the duties of his office, has mismanaged the estate, has failed to perform any duty imposed by law or by order of court, has ceased to be a domiciliary of the state without appointing an agent as provided in Article 3097(4), or has failed to give notice of his application for appointment when required under Article 3093.

The court on its own motion may, and on motion of any interested party shall, order the succession representative sought to be removed to show cause why he should not be removed from office. The removal of a succession representative from office does not invalidate any of his official acts performed prior to his removal.

[6] La. C.C.P. art. 3191(A) provides: "A succession representative is a fiduciary with respect to the succession, and shall have the duty of collecting, preserving, and managing the property of the succession in accordance with law. He shall act at all times as a prudent

Ms. White counters first that Mr. Smith's petition to appoint a provisional administrator alleged no facts to justify an administration of this succession, and second, that Mr. Smith's actions in trying to sell the succession's only asset went well beyond the duties of a provisional administrator, which are to maintain the *status quo* of the estate pending the appointment of an administrator.

La. C.C.P. art. 3111 provides:

> The court may appoint a provisional administrator of a succession, <u>pending the appointment of an administrator or the confirmation of an executor,</u> <u>when it deems such appointment necessary to preserve, safeguard, and operate the property of the succession.</u> On the application of an interested party, or on its own motion, when such an appointment is deemed necessary, the court may appoint a qualified person as provisional administrator forthwith. (Emphasis added.)

Mr. Smith's petition alleged that the decedent Mrs. Smith died intestate with approximately twenty-one intestate heirs, consisting of her surviving children and the children of her children who predeceased her. The petition and affidavit state that the succession contains only one asset, a piece of residential immovable property located in St. Charles Parish. The Affidavit of Valuation and Detailed Descriptive List attached to the petition shows that the succession is relatively free from debt.[7] The petition does not allege that any heir is not competent or had refused to accept the succession.[8]

Comments (a) and (b) to Article 3111 provide aid in determining whether to appoint a provisional administrator, to wit:

> (a) The general language, "preserve, safeguard, and operate the property of the succession," is intended to give the court discretion in determining the necessity for the appointment of the provisional administrator.

---

administrator, and shall be personally responsible for all damages resulting from his failure so to act."

[7] The only debt of the succession listed therein was "Attorney's Fees – Succession, $3,000.00."

[8] Mr. Smith argues in brief that the fact that no other heir had stepped forward to initiate the succession was proof of the other heirs' refusal to accept the succession, but we decline to credit this alleged inaction as affirmative refusal to accept a succession.

(b) When the appointment of a provisional administrator is necessary, there will be no time available for the giving of notice to the heirs, creditors, and other interested parties, or to permit them to oppose the appointment of the particular person whom the court selects. The court must be empowered to act immediately, on the application of any interested person, and even on its own motion.

It is thus clear from Article 3111 and the comments thereto that a provisional administrator serves only temporarily. The petition does not allege any facts suggesting the urgent need for a provisional administrator to be appointed to "preserve, safeguard, and operate" the succession property pending "the appointment of an administrator" or "the confirmation of an executor." This list—preserve, safeguard, and operate—uses the word "and," suggesting that all three criteria are necessary. Mr. Smith's petition for appointment alleged that the succession contained only one asset, a piece of residential property, and that "[a]n administration of this succession is necessary for the proper handling thereof." This quoted statement is a legal conclusion, not a fact. No facts alleged in the petition or the affidavit suggested that the property required *preserving, safeguarding, or operating* pending the appointment of an administrator or the confirmation of an executor, or that the court must act in haste and was without time to notify heirs or other interested parties.[9] The trial judge apparently had second thoughts at the hearing about her initial ruling appointing a *provisional* administrator. Upon review, under the facts found in the appellate record and the applicable law, we find no abuse of discretion by the trial judge in her ruling which granted the motion to remove the provisional administrator.

However, we also find that an administration of this succession proceeding is not prohibited by La. C.C.P. art. 3001, as argued by Ms. White, and which provides as follows:

---

[9] Indeed, Mr. Smith did not file the petition for possession of the premises until almost five months after being appointed provisional administrator, which indicates that haste was not a factor.

> The heirs of an intestate decedent shall be recognized by the court, and sent into possession of his property without an administration of the succession, on the ex parte petition of all of the heirs, when all of them are competent and accept the succession, and the succession is relatively free of debt. A succession shall be deemed relatively free of debt when its only debts are administration expenses, mortgages not in arrears, and debts of the decedent that are small in comparison with the assets of the succession.

This Article permits heirs of an intestate succession to be sent into possession of the decedent's property without an administration provided that certain criteria are met, but this article does not *prohibit* the administration of such a succession.

The trial court, at the hearing, found that no administration of this succession was necessary because the succession met the conditions of Article 3001, namely that the succession was relatively free from debt and there were no allegations of incompetent or unaccepting heirs. While we agree that the large number of heirs, by itself, does not compel the conclusion that an administration of this succession is necessary,[10] subsequent developments in the case, namely Tiffany White's filing of the motion to remove the provisional administrator and her offer to be appointed administrator or co-administrator, made through her counsel at the hearing, as well as assertions made by Mr. Smith at the hearing that some heirs might not agree regarding the handling of the succession property, suggest that an administration of this succession may indeed be desirable or warranted in the future. Accordingly, while we affirm the removal of Mr. Smith as provisional administrator, having found that an administration of this succession may be desirable or warranted in the future, as evidenced by the proceedings in this appellate record, we reverse the trial court's dismissal of the succession proceeding, allowing for further proceedings as may be deemed necessary in the future.

---

[10] Ms. White's motion to remove, in fact, argued that most of the heirs desired to keep the property in the family and not sell it. As Ms. White states in brief, the heirs' resistance to Mr. Smith's attempts to sell the property is not indicative of their refusal to accept the succession.

## DECREE

For the foregoing reasons, we affirm the portion of the trial court's August 22, 2022 judgment which removed Mr. Smith as provisional administrator of the Succession of Cornelia Smith. We reverse the portion of the judgment which dismissed the succession proceeding. The matter is remanded for further proceedings.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **MAY 24, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-CA-565

**E-NOTIFIED**
29TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE M. LAUREN LEMMON (DISTRICT JUDGE)
CHARLES K. CHAUVIN (APPELLEE)          KAMERON P. WHITMEYER (APPELLANT)

**MAILED**
JANE WILLIAMS CHAUVIN (APPELLEE)       BRAD P. SCOTT (APPELLANT)
ATTORNEY AT LAW                        JANE C. ALVAREZ (APPELLANT)
1904 ORMOND BOULEVARD                  KAYLA MARTYNENKO (APPELLANT)
SUITE 203                              ATTORNEYS AT LAW
DESTREHAN, LA 70047                    909 POYDRAS STREET
                                       SUITE 2025
                                       NEW ORLEANS, LA 70112